# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-16-00543-CV

**A. C., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 274,871-B, HONORABLE JACK WELDON JONES, JUDGE PRESIDING

## MEMORANDUM OPINION

A.C. appeals from the trial court's order terminating her parental rights to her minor children, D.L. and C.L.[1] *See* Tex. Fam. Code § 161.001. Following a termination hearing, the trial court found by clear and convincing evidence that statutory grounds for terminating A.C.'s parental rights existed and that termination was in the children's best interest. *See id.* § 161.001(b)(1)(O), (2).

On appeal, A.C.'s court-appointed attorney has filed a motion to withdraw and a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S.

---

[1] We refer to the mother and her children by their initials only. *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.

at 744; *Taylor*, 160 S.W.3d at 646–47. A.C.'s counsel has certified to this Court that he provided A.C. with a copy of the *Anders* brief and motion to withdraw as counsel and informed her of her right to examine the appellate record and to file a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief waiving its right to file an appellee's brief unless it deems a brief necessary after review of any pro se brief filed by A.C. To date, A.C. has not filed a pro se brief.

Upon receiving an *Anders* brief, we must conduct a full examination of all of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, including the *Anders* brief submitted on A.C.'s behalf, and have found nothing that would arguably support an appeal. We agree that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating A.C.'s parental rights. We deny counsel's motion to withdraw.[2]

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed: October 5, 2016

_____

[2] *See In re P.M.*, No. 15-0171, ___ S.W.3d ___, 2016 Tex. LEXIS 236 (Tex. Apr. 1, 2016) (per curiam). In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id.* at *7–8. Accordingly, counsel's obligation to A.C. has not yet been discharged. *See id.* If A.C., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*